UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GINA VENEZIANO<br><br>Plaintiff,<br><br>-against-<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY and GUESS?, INC.,<br><br>Defendants. | Index No.: 1:19-cv-216<br><br>**AMENDED COMPLAINT** |

Plaintiff, Gina Veneziano ("Plaintiff"), by and through her attorneys, Schwartz Sladkus Reich Greenberg Atlas LLP, by way of Complaint against Defendant Anthem Blue Cross Life and Health Insurance Company ("Defendant Anthem"), and Defendant Guess?, Inc. ("Defendant Guess") (collectively, "Defendants) allege as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a New York resident who at all relevant times was a beneficiary of an employer-based health insurance plan administered by Defendants.

2. Upon information and belief, Defendant Anthem is primarily engaged in providing and/or administering health care plans or policies.

3. Upon information and belief, Defendant Guess is a corporation with headquarters located at 1444 South Alameda Street, Los Angeles, CA 90021.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance policy at issue was provided to Plaintiff's employer and is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The administrative remedies have been exhausted.

1

5.  Venue is proper in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred within the District.

## FACTUAL BACKGROUND

6.  On or around January 8, 2018, Plaintiff underwent emergency brain surgery after suffering a carotid dissection. (See, OP Report, attached hereto as **Exhibit A**.)

7.  Plaintiff's surgery was performed by Dr. Ambooj Tiwari of the practice group Jeffrey Farkas, MD LLC ("Provider").

8.  At the time of Plaintiff's treatment, Plaintiff was the beneficiary of an employer-based health insurance plan for which Defendant Anthem served as the claims administrator and Defendant Guess served as the plan administrator.

9.  At the time of Plaintiff's treatment, Provider was not "in-network" with Defendant Anthem. Payment for Plaintiff's treatment is therefore governed by the terms of Plaintiff's insurance plan rather than by a network contract.

10.  Following Plaintiff's treatment, Provider submitted Health Care Financing Administration ("HCFA") medical bills to Defendant Anthem demanding payment for the performed treatment in the total amount of $162,000.06. (See, HCFAs, attached hereto as **Exhibit B**.)

11.  In response to Provider's bills, Defendant issued payment in the total amount of $1,442.81, and indicated that the remaining $160,557.25 was Plaintiff's responsibility. (See, EOBs, attached hereto as **Exhibit C**.)

2

12. Subsequently, Plaintiff submitted an internal appeal to Defendant Anthem, disputing that the reimbursement issued constitutes full payment under the terms of Plaintiff's insurance plan. (See, First Level Appeal, attached hereto as **Exhibit D**.)

13. In response to Plaintiff's appeal, Defendant Anthem issued additional payment in the amount of $1,445.49. (See, **Exhibit C**.)

14. Subsequently, Plaintiff submitted a second internal appeal, again disputing that the payments for Plaintiff's treatment constitutes full reimbursement under the terms of Plaintiff's insurance plan. (See, Second Level Appeal, attached hereto as **Exhibit E**.)

15. On or around October 16, 2018, Defendant Anthem issued an additional payment check in the amount of $7,041.16 and indicated that the remaining unpaid balance is Plaintiff's responsibility. (See, **Exhibit F**, attached hereto.)

16. Thus, to date, Defendant Anthem has issued total payments for Plaintiff's treatment in the amount of $9,929.46 and has left Plaintiff responsible for $152,070.60.

17. Under the terms of Plaintiff's insurance plan, reimbursement for medical emergency care rendered by a non-participating provider is based on the "reasonable and customary value." (*See*, Summary of Benefits, attached hereto as **Exhibit G**.)

18. Plaintiff's treatment constitutes medical emergency care and Provider is a non-participating provider. Therefore, under the terms of Plaintiff's insurance plan, reimbursement for Plaintiff's treatment is subject to the reasonable and customary value.

19. Provider's charges for Plaintiff's treatment reflect the reasonable and customary value of such treatment. Therefore, under the terms of Plaintiff's insurance plan, Defendants should have issued payment in the amount of $162,000.06 instead of $9,929.46.

20. Plaintiff has thus been damaged in the total amount of $152,070.06.

21. Accordingly, Plaintiff bring this action for recovery of the outstanding balance, and Defendants' breach of fiduciary duty.

## COUNT ONE

### FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

22. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23. Plaintiffs avers this Count to the extent ERISA governs this dispute.

24. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

25. Upon information and belief, Defendants acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

26. Plaintiff is entitled to recover benefits due under the applicable ERISA plan or policy.

27. As a result, Plaintiff has been damaged and continues to suffer damages.

## COUNT TWO

### BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

28. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27 of the Complaint as though fully set forth herein.

29. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

30. Plaintiffs seeks redress for Defendants' breach of fiduciary duty and/or Defendants' breaches of co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

31. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

32. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1).

33. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

34. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such

5

other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

35.     Here, when Defendants acted to partially deny payment for the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

36.     Here, Defendants breached their fiduciary duty by: (1) failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations; (2) participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (3) failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and (4) wrongfully withholding money belonging to Plaintiff.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     For an Order directing Defendants to pay Plaintiff $152,070.06;
B.     For an Order directing Defendants to pay Plaintiff all benefits Plaintiff would be entitled to under the insurance plan or policy issued and/or administered by Defendants;
C.     For compensatory damages and interest;
D.     For attorney's fees and costs of suit; and
E.     For such other and further relief as the Court may deem just and equitable.

Dated: New York, New York
June 26, 2019

                        SCHWARTZ SLADKUS
                        REICH GREENBERG ATLAS LLP
                        *Attorneys for Plaintiff*

                        By:     /s/ Michael Gottlieb
                                  Michael Gottlieb
                                  444 Madison Avenue
                                  New York, New York 10022
                                  (212) 743-7054